NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PABLO CRESPO, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 07-01258-DMC |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff Pablo Crespo ("Plaintiff") to appeal from the Commissioner of the Social Security Administration's ("Commissioner") denial of Plaintiff's request for Disability Insurance Benefits ("Benefits"). The Court has jurisdiction to review this matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based on the following, it is the finding of the Court that the Commissioner's decision is **affirmed**.

I.  BACKGROUND

   A.  PROCEDURAL HISTORY

Plaintiff filed an application for Benefits on July 20, 2004, under Title II of the Social Security Act ("Act"). The application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held on May 9, 2006. Administrative Law Judge ("ALJ") Gerald J. Ryan found that Plaintiff was not disabled within the meaning of the Act. Plaintiff requested

review by Appeals Council. On January 11, 2007, the Appeals Council denied Plaintiff's request, thereby affirming Judge Ryan's and the Commissioner's decision. Plaintiff commenced this action seeking reversal of the final decision pursuant to 42 U.S.C. §405(g).

B. **STATEMENT OF FACTS**

Plaintiff was born in June 1951. Plaintiff asserts that his disability began as of December 26, 2000, when he was 49.6 years old. On December 31, 2005, at 54.6 years of age, his insured status lapsed for purposes of Benefits. Thus, the time period at issue in this case is between December 26, 2000 and December 31, 2005. During this time period, Plaintiff was considered both an "individual approaching advanced age" and an individual of "advanced age".[1]

Plaintiff has an eighth grade education. The parties disagree as to the extent of Plaintiff's ability to read, write, or communicate in English, however, both parties concur that Plaintiff does not have a strong command of the English language. Plaintiff has a work history spanning twenty-five years. Plaintiff was most recently employed by a painting and laminating company until the company closed on December 20, 2000. Thereafter, Plaintiff received unemployment insurance benefits for six months.

On August 16, 2004, Dr. Michael Pollack examined Plaintiff and found scars on his left ankle

---

[1] 20 C.F.R. §404.1563 states in relevant part:

"Age" means your chronological age. When we decide whether you are disabled under §§ 404.1520(g)(1), we will consider your chronological age in combination with your residual functional capacity, education, and work experience. We will not consider your ability to adjust to other work on the basis of your age alone. In determining the extent to which age affects a person's ability to adjust to other work, **we consider advancing age to be an increasingly limiting factor** in the person's ability to make such an adjustment, as we explain in paragraphs (c) through (e) of this section. If you are unemployed but you still have the ability to adjust to other work, we will find that you are not disabled. In paragraphs (b) through (e) of this section and in appendix 2 to this subpart, we explain in more detail how we consider your age as a vocational factor. 20 C.F.R. §404.1563 (emphasis added).

consistent with prior surgery and generalized joint tenderness resulting from a 1995 work injury. Dr. Pollack found that Plaintiff ambulated without difficulty and had no significant limitations. Based on his examination, Dr. Pollack diagnosed Plaintiff as suffering from status-post open reduction and internal fixation of the left ankle. He also diagnosed Plaintiff as having pleuritic chest pain with productive cough but ruled out chronic bronchitis as the cause. Plaintiff received additional x-rays of his spine and ankle on September 21, 2004. The x-ray of the lumbosacral spine area was deemed normal. X-rays of Plaintiff's ankle showed status-post fixation of fractures, but alignment of the fractures was consistent with healing. No other problems such as intrinsic joint or periosteal abnormalities were identified.

On October 3, 2004, Plaintiff's left shoulder was x-rayed. The reviewing radiologist read the x-rays and stated that "there appears to be post traumatic change involving the mid portion of the left clavicle. There is acromioclaviclar degenerative change but no other abnormalities are identified about the glenohumeral joint."

On October 14, 2004, Dr. Howard Goldbas, a state agency medical consultant, opined that Plaintiff's ankle condition was not severe. In November 2004, Plaintiff received additional examinations of his bladder and prostate but these examinations did not reveal any adverse findings.

Previously, on August 1, 2004, Plaintiff indicated in a written report that he could lift sixty pounds and walk approximately four to five blocks. Likewise, Plaintiff testified before Judge Ryan that he could walk for forty-five minutes and could lift thirty to forty pounds. Plaintiff also indicated that he performs most of the household chores such as washing dishes, dusting, making the bed, and sweeping the floor. Plaintiff testified that he regularly traveled to church and to the store to purchase small items. Plaintiff claimed to need walking assistance by way of a cane or crutches, yet he

brought neither to the hearing. When questioned, Plaintiff stated that he left his cane in the car.

At the administrative hearing, Plaintiff testified that he was unable to work due to arthritis pain in various joints including his leg, back, and shoulder. Later during the hearing, Plaintiff provided the Court with a 2.5 inch long screw as an example of the eight such screws in his leg inserted in July 1998. Plaintiff testified he could stand for twenty to thirty minutes and has difficulty raising his arm.

Plaintiff's daughter, Anaidelly Crespo, testified that Plaintiff cared for his wife, who was handicapped. She confirmed that Plaintiff takes care of all the housekeeping. She also stated that her father did not use any assistive walking devices such as crutches, braces, splints, or walkers.

Judge Ryan concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Judge Ryan found that Plaintiff suffered from the "severe" impairment of a status-post fracture of the left ankle. He further determined that Plaintiff's shoulder ailment was a "non-severe" impairment. In total, Judge Ryan found that Plaintiff's impairments do not singly or in combination meet or medically equal any of the impairments listed on the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. Judge Ryan analyzed each of the factors in the analytical process for determining disability and while he concluded that Plaintiff could not resume his previous work, he found that Plaintiff was fully capable of performing a myriad of other jobs.

In his application, Plaintiff raises four arguments to suggest that Judge Ryan committed reversible error. There arguments are that: (1) he failed to provide a full and fair hearing; (2) his finding of no severe shoulder impairment does not comport with the evidence; (3) he directly applied the Medical-Vocational ("Grid") rules in the presence of a significant non-exertional limitation; and (4) he performed a flawed credibility analysis.

II.     **APPLICABLE LAW**

    A.     **STANDARD OF REVIEW**

42 U.S.C. §405(g) provides that the Commissioner's decision must be upheld if the ruling is supported by "substantial evidence." 42 U.S.C. §§405(g), 1383(c)(3). <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1182 (3d Cir. 1992), <u>cert. denied sub nom.</u> <u>Williams v. Shalala</u>, 507 U.S. 924 (1993). In the context of social security hearings, the Supreme Court has interpreted the "substantial evidence" requirement to mean that evidence must be "more than a mere scintilla." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). The Court expounded that evidence must be such that "a reasonable mind might accept [it] as adequate to support a conclusion." <u>Id.</u> (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The Supreme Court also noted that "a reviewing court is not barred from setting aside a[n agency] decision when it cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the [agency's] view." <u>Universal Camera Corp. v. N.L.R.B.</u>, 340 U.S. 474, 488 (1951).

Therefore, the Court's query is limited to determining whether the evidence of record would permit a reasonable mind to support the conclusions reached by the Commissioner. Where more than one rational interpretation is practicable, the Commissioner's interpretation of the evidence must be upheld. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982); <u>Rutherford v. Schweiker</u>, 685 F.2d 60, 62 (2d Cir. 1982), <u>cert. den'd</u>, 459 U.S. 1212 (1983); <u>See also</u> <u>Benskin v. Bowen</u>, 830 F.2d 878, 882 (8th Cir. 1987).

**B.     THE FIVE STEP EVALUATION PROCESS FOR DETERMINING DISABILITY**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(b)(1)(A). To ascertain if Benefits are warranted, the Commissioner has promulgated a five step sequential evaluation process:

1. If the Claimant is engaged in substantial gainful activity, the claim is denied. 20 C.F.R. §404.1520(b).

2. The Claimant must be suffering from a "severe" impairment or combination of impairments which significantly limits physical or mental ability to do basic work activities. If not, the claim will be denied. 20 C.F.R. §404.1520(c).

3. If the Claimant's severe impairment(s) meets or equals the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claim is approved. 20 C.F.R. §404.1520(d).

4. If the Claimant's impairment(s) does not meet or equal the severity of the listed impairment, the claim will be denied if the Claimant retains the residual functional capacity (RFC) to meet the physical and mental demands of his or her past work. 20 C.F.R. §404.1520(e).

5. If the Claimant does not retain the RFC to perform past relevant work, then the Claimant's RFC, age, education, and past relevant work experience will be considered to determine if there is other work that the Claimant can do; if not, the claim will be approved. 20 C.F.R. §404.1520(f).

The claimant bears the burden of establishing the first two requirements namely that (1) he has not engaged in "substantial gainful activity" and (2) he is afflicted with a "severe impairment" or "combination of impairments." 20 C.F.R. §404.1520(a)-(c). If a claimant fails to demonstrate either of these two requirements, Benefits are denied and the inquiry ends. Bowen v. Yuckert, 482 U.S. 137, 146-147 n.5 (1987).

If the claimant successfully proves the first two requirements, the inquiry proceeds to step

three which requires the claimant to demonstrate that his impairment meets or equals one of the impairments listed in 20 C.F.R. §404.1520(d) Appendix 1. If the claimant demonstrates that his impairment meets or equals one of the listed impairments, he is presumed to be disabled and therefore, automatically entitled to Benefits. Id. If he cannot provide evidence demonstrating such impairment, further examination is required.

Proceeding to step four, if claimant is deemed physically competent to return to his previous line of work, then he is not "disabled" within the meaning of the Act, and is not entitled to Benefits. If claimant demonstrates an inability to return to his previous line of work, the analysis proceeds to step five where the burden shifts to the Commissioner. At step five, the Commissioner must prove that the claimant can perform other meaningful work. If the Commissioner cannot satisfy this burden, claimant is entitled to receive Benefits.

### C. THE RECORD MUST CONTAIN OBJECTIVE MEDICAL EVIDENCE AS PROOF OF DISABILITY

Under the Social Security Act, objective medical evidence is a requisite element needed to prove disability. The Act provides that "[a]n individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require." 42 U.S.C. §423(d)(5)(A). Notably, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." Id. A finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph...would lead to a conclusion that the individual is under a disability. Id.

The claimant's credibility is also a significant factor. When examining the record:

> The adjudicator must evaluate the intensity, persistence, and limiting effects of the [claimant's] symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work-related activities. To do this, the adjudicator must determine the credibility of the individual's statements based on consideration of the entire case record. The requirement for a finding of credibility is found in 20 C.F.R. §404.1529(c)(4) and §416.929(c)(4). S.S.R. 96-7p.

### III.  DISCUSSION

#### A.  BENEFITS ELIGIBILITY

##### 1.  WHETHER CLAIMANT HAS ENGAGED IN ANY SUBSTANTIAL WORK ACTIVITY

Substantial work activity is characterized as "work activity that involves doing significant physical or mental activities." 20 C.F.R. §404.1523(a). Judge Ryan determined that Plaintiff had not engaged in substantial work activity since December 26, 2000. This finding is supported by the evidence of record and is not disputed by the parties. Accordingly, Judge Ryan's findings regarding step one are upheld.

##### 2.  WHETHER THE IMPAIRMENT IS SEVERE

An impairment is "not severe" if it "does not significantly limit [the claimant's] physical or mental ability to do basic activities." 20 C.F.R. §404.1521(a). Examples of basic activities examined when assessing a claim for Benefits are the claimant's ability to walk, stand, sit, lift, push, pull, reach, carry, or handle items. 20 C.F.R. §404.1521(b)(1). Basic work activities also includes mental functions like the ability to understand, carry out, and remember simple instructions. 20 C.F.R. §404.1521(b)(3). Also considered are the claimant's use of judgment, the ability to respond appropriately and the ability to deal with changes in a work setting. 20 C.F.R. §404.1521(b)(4)-(6). When analyzing a claimant's alleged impairment(s) the Commissioner dictates that:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather it should be continued. S.S.R. 85-28 at 394.

A claim will be denied at this stage of the analysis if "medical evidence establishes only a slight abnormality...which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." S.S.R. 85-28. The Third Circuit explained the "de minimis" nature of the second step of the disability evaluation process by stating that "[t]he step-two inquiry is a de minimis screening device to dispose of groundless claims." Newell v. Commissioner of Social Security, 347 F.3d 541, 546-547 (3d Cir. 2003); see McCrea v. Comm'r of Soc. Sec., 370 F.3d 357 (3d Cir. 2004). In Newell, the Third Circuit held that "[r]easonable doubts on severity are to be resolved in favor of the claimant." Id. at 546-547.

Judge Ryan determined that Plaintiff's shoulder impairment is "not severe" within the meaning of the Act. Dr. Pollack found no obvious deformity and concluded that Plaintiff had full range of motion in all joints including the left shoulder. An x-ray of the left shoulder revealed acromioclavicular degenerative change and post traumatic change involving the mid portion of the left clavicle. The deterioration reported by Dr. Pollack is a "slight abnormality" that effects the Plaintiff's reaching capabilities. Dr. Pollack concluded that Plaintiff had full range of motion in all joints.

With respect to Plaintiff's credibility, Judge Ryan found Plaintiff's subjective complaints concerning his symptoms and functional limitations to not be credible. It is within the purview of the ALJ to assess the credibility of Plaintiff's claim and render an independent judgment regarding the medical findings and other evidence indicating the true extent of the impairment. LaCorte v. Bowen,

678 F.Supp. 80, 83 (D.N.J. 1988); Brown v. Schweiker, 562 F.Supp. 284, 287 (E.D.Pa. 1983). Judge Ryan noted that Plaintiff took only over-the-counter medication for his pain.[2] Also, Plaintiff claimed to frequently use a cane and crutches, yet neither assistive device were brought to court. Judge Ryan's findings are supported by the evidence of record and they are therefore affirmed.

### 3. WHETHER PLAINTIFF'S IMPAIRMENT IS LISTED IN APPENDIX 1 OR IS EQUAL TO A LISTED IMPAIRMENT

Once a severity determination has been made, the analysis proceeds to whether claimant's impairment meets or equals any of the impairments listed in 20 C.F.R. Appendix 1, Subpart P. If the claimant's impairment meets or equals a listed impairment, the claimant is considered disabled without further inquiry. 20 C.F.R. §404.1520(d).

Judge Ryan determined that the Plaintiff's impairments do not singly or in combination meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. He evaluated Plaintiff's ailments under section 1.02 (Major Dysfunction of a Joint due to any cause) and found that Plaintiff's conditions did not meet the requisite criteria. Specifically, Plaintiff did not argue that his ankle condition met or equaled any of the impairments listed on the Listing of Impairments. Thus, Judge Ryan's findings as to step three are upheld.

---

[2] If medical evidence alone does not accurately demonstrate the severity of plaintiff's alleged impairment, consideration is given to such factors as: "(i) [y]our daily activities; (ii) [t]he location, duration, frequency, and intensity of your pain or other symptoms; (iii) [p]recipitating and aggravating factors; (iv) [t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) [t]reatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) [a]ny measures you use or have used to relieve your pain or other symptoms (e.g. lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and (vii) [o]ther factors concerning your functional limitations and restrictions due to pain or other symptoms." 20 C.F.R. §404.1529(c)(3).

10

### 4. RESIDUAL FUNCTIONAL CAPACITY TO PERFORM PAST RELEVANT WORK

Since Plaintiff's impairments did not meet singly or in combination any of the listed impairments, the analysis proceeds to the fourth step of the disability evaluation process. The fourth step concerns whether the claimant has sufficient residual functional capacity to resume his past relevant work. 20 C.F.R. §404.1520(e). If sufficient residual capacity exists, he is not disabled within the meaning of the Act. Id.

Judge Ryan examined the record and determined that Plaintiff had the following residual functional capacity:

> [L]ifting and carrying objects weighing up to 50 pounds; frequently lifting and carrying objects weighing up to 25 pounds; standing, walking, and sitting up to six hours in an eight-hour day; pushing and pulling arm and leg controls; and the full range of medium work. The claimant has not had any significant non-exertional limitations.

Plaintiff's allegations of disability are inconsistent with his current activities and lifestyle. Plaintiff admitted to washing dishes, dusting, making the bed, sweeping, and mopping the floor. Plaintiff also attended church and went to the store to purchase small items. Judge Ryan's determination regarding Plaintiff's residual capacity is supported by the clinical findings reported by Dr. Polack and Plaintiff's statement that he could lift sixty pounds. Moreover, Plaintiff's left ankle condition did not prevent him from working on or before December 31, 2005.

Judge Ryan concluded that Plaintiff's previous job constituted "heavy work" based on a finding that Plaintiff was required to lift equipment that weighed up to 2,000 pounds with the aid of another worker. When comparing Plaintiff's residual functional capacity and the requirements of his past relevant work history, Judge Ryan found that the requirements of his past relevant work in the painting and laminating business exceedes his current residual functional capacity of "medium work." The Court agrees with Judge Ryan's findings as to Plaintiff's past relevant work requirements

and his current capabilities. Therefore, Judge Ryan's findings are affirmed.

### 5. CONSIDERATION OF CLAIMANT'S AGE, EDUCATION, AND RELEVANT WORK EXPERIENCE TO DETERMINE IF CLAIMANT IS CAPABLE OF OTHER WORK

At step five, age, education, and past relevant work experience are examined concomitant with Plainitff's residual functional capacity. 20 C.F.R. 404.1520(g). If the claimant is unable to "make the adjustment to any other work" then he is deemed disabled under the Act. Id.

Judge Ryan determined, in accordance with vocational Rules 203.25 and 203.18 (20 C.F.R. Part 404, Subpart P, Appendix 2), Plaintiff's work history and education level that Plaintiff could perform many unskilled jobs in the regional and national economy. Plaintiff contends that Judge Ryan's use of the medical-vocational guidelines was inappropriate because Plaintiff had a nonextertional shoulder impairment. Judge Ryan, however, had previously ascertained that Plaintiff did not have any nonexertional limitations, therefore, he properly utilized the medical-vocational guidelines. 20 C.F.R. §404.1569a(b). The Court accepts Judge Ryan's conclusion that Plaintiff does not suffer from a nonextertional shoulder impairment and therefore affirms Judge Ryan's findings regarding step five.

### B. ANALYSIS OF PLAINTIFF'S FULL AND FAIR HEARING CLAIM

The Third Circuit places an affirmative duty upon ALJs to fully develop the evidentiary record, thus providing the claimant with a full and fair hearing. See Rutherford v. Barnhart, 399 F.3d 546, 557 (3d Cir. 2004); Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995). The duty to develop the record is heightened where the claimant is unrepresented. Livington v. Califano, 614 F.2d 342, 345 (3d Cir. 1980); Gauthey v. Shalala, 890 F.Supp. 401, 410 (E.D.Pa. 1995); Jozefick v. Shalala, 854 F. Supp. 342, 344 (M.D. Pa. 1994). The Third Circuit opined that "[w]hen the claimant has been informed of his right to counsel before an administrative hearing and knowingly waives it, his lack

12

of representation is not, of itself, cause for remand. Lack of counsel is sufficient cause for remand only if supported by a showing of clear prejudice or unfairness at the administrative hearing." Dombrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).

ALJs must advise claimants of their rights pursuant to the rules promulgated by the Commissioner under the Hearings, Appeals, and Litigation Law Manual ("HALLEX"). HALLEX outlines a procedure to which ALJs must adhere when addressing an unrepresented claimant. ALJs must ensure that the claimant is capable of making an informed choice regarding representation.

Plaintiff alleges that he did not receive a full and fair hearing because he was not properly notified of his right to legal representation. The Commissioner disputes this claim based on the assertion that Judge Ryan's decision was not impaired by Plaintiff's lack of legal representation. Prior to the hearing, Judge Ryan provided written notices to Plaintiff in both English and Spanish regarding his right to representation. Plaintiff was also provided with a Spanish interpreter, who was present throughout the administrative hearing. At the beginning of the hearing, Judge Ryan again advised Plaintiff of his right to legal representation and offered to adjourn the hearing to allow Plaintiff to procure counsel. Plaintiff declared that he wanted to proceed without a lawyer. Judge Ryan questioned Plaintiff about his age, education, and work experience, subjective complaints, medical treatment, and daily activities. Moreover, Judge Ryan questioned Plaintiff's daughter about Plaintiff's activities.

Plaintiff alleges that Judge Ryan did not fully develop the record regarding treatment of his ankle fracture and surgery. Plaintiff fractured his ankle in 1995, and subsequently recovered and went back to work. Therefore, any information regarding this injury, which occurred nearly five years before the onset of his alleged disability, is likely not relevant, especially since more recent x-rays revealed that the ankle had healed with satisfactory alignment and no significant abnormality.

Upon examination of the evidence, the Commissioner's decision that Plaintiff received a full and fair hearing is reasonable under the substantial evidence rule at 42 U.S.C. §405(g). Accordingly, Judge Ryan's determination is affirmed.

IV.     **CONCLUSION**

For the reasons stated, the Court finds that substantial evidence supports Judge Ryan's factual findings and thus the Commissioner's final decision denying Plaintiff Benefits is **affirmed.**

   S/ Dennis M. Cavanaugh   
Dennis M. Cavanaugh, U.S.D.J.

Date:           December  9 , 2008
Original:       Clerk
cc:             All Counsel of Record,
                Hon. Mark Falk, U.S.M.J.
                File